

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REXAM BEVERAGE CAN COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> DAVID F. BOLGER as TRUSTEE of THE DAVID F. BOLGER REVOCABLE TRUST, a Florida resident, and CITY OF FAYETTE, IOWA, an Iowa municipal corporation, <br><br> Defendants. | Case No. 06 C 2234 <br><br> Magistrate Judge <br> Martin C. Ashman |

## MEMORANDUM OPINION AND ORDER

Before the Court are several motions by Defendants, David F. Bolger and the City of Fayette, Iowa ("Defendants"), and Plaintiff, Rexam Beverage Can Company ("Rexam"), that raise substantially related issues. In this order, the Court addresses Rexam's Opposition to Defendants' Motion to Amend Counterclaims, Rexam's Motion to Modify Summary Judgment, and Defendants' Motion to Strike Rexam's Affirmative Defenses to Defendants' Counterclaims. For the reasons that follow, Rexam's Opposition to Defendants' Motion to Amend Counterclaims is denied, Rexam's Motion to Modify Summary Judgment is denied, and Defendants' Motion to Strike Rexam's Affirmative Defenses is granted in part and denied in part.

# I. Background

The Court set out the factual background of this case at length in its Memorandum Opinion and Order of July 24, 2007, granting Defendants' motion for summary judgment. *See Rexam Beverage Can Co. v. Bolger*, No. 06 C 2234, 2007 WL 2156674, at *1-2 (N.D. Ill. July 24, 2007). The basic facts of this case are as follows: Rexam was a tenant in a manufacturing facility owned by Defendants in Loves Park, Illinois. *Id.* at *1. Under the lease agreement, Rexam was required to provide notice of its decision to renew the lease at least 180 days before the expiration of the term then in effect. *Id.* In late 2005, Rexam notified Defendants that it wished to renew the lease, which was set to expire on March 31, 2006. *Id.* Rexam's notice was untimely. *Id.* Defendants rejected Rexam's notice of renewal and instructed Rexam to surrender the facility on March 31, 2006. *Id.* at *1, 2. Rexam took no steps to vacate the premises, instead filing a lawsuit in state court seeking a declaratory judgment defining the rights and obligations of the parties to the lease. *Id.* at *2. Defendants removed the case to this Court. After the parties consented, pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1(a), to have this Court conduct any and all proceedings in the case, Defendants filed a motion for summary judgment. *Id.* This Court granted Defendants' motion, finding that Rexam had willfully held over and occupied the premises after the termination of the lease. *Id.* at *8. The Court ruled that Defendants were entitled under Illinois law to double rent for the holdover period. *Id.*

After the entry of partial summary judgment in favor of Defendants, the parties appeared for a status hearing before the Court on September 11, 2007. The Court's minute entry for that date states: "The parties agree that the defendants will amend their counterclaim by 10/11/07."

(Dkt. No. 44.) The purpose of that amendment was to allow Defendants to include a specific reference to their claim for double rent pursuant to 735 ILCS 5/9-202, which allows a landlord to collect double rent from a willful holdover tenant. Defendants timely filed an amended counterclaim on October 11, 2007. On October 25, 2007, Rexam filed its Motion to Modify Summary Judgment, asking the Court to modify its order of July 24, 2007, to eliminate any reference to 735 ILCS 5/9-202 on the grounds that Defendants did not properly plead their claim for double rent. Also on October 25, Rexam filed its answers and affirmative defenses to Defendants' amended counterclaims.

In the motions currently before the Court, Rexam objects to Defendants' amended counterclaims, arguing that they are compulsory counterclaims that had to be plead in Defendants' original answer. Rexam also objects to the amended counterclaims on the basis that Defendants' pleadings set out "completely inconsistent legal positions." (Pl.'s Br., Mot. to Modify Summary Judgment, at 2.) In the same motion, Rexam argues that Defendants failed to plead their claim under 735 ILCS 5/9-202 properly. Accordingly, Rexam asks the Court to modify its order to indicate that Defendants are not entitled to double rent. At the same time, Defendants have filed a motion to strike some of the affirmative defenses and answers in Rexam's reply to their amended counterclaims. The parties thoroughly briefed these motions and argued them before the Court on January 10, 2008.

## II. Discussion

### A. Defendants' Counterclaims

The crux of Rexam's objection to Defendants' counterclaims is that Defendants' claim for double rent was a compulsory counterclaim under Federal Rule of Civil Procedure 13(a) that should have been raised when Defendants filed their original counterclaims, which sought only injunctive relief. Because Defendants knew of the facts supporting the claim for double damages early in the litigation, Rexam argues, Defendants have acted in bad faith and unduly delayed the present amendment to their counterclaims.

The Court rejects this argument. First, as Defendants point out in their brief, Defendants filed their amended counterclaims pursuant to this Court's order. Therefore, the Court has already given leave to amend. Furthermore, as the Court's minute entry for September 11, 2007, states, the Court's order was premised on the fact that Rexam agreed to the filing of the amended counterclaims. The Court is unwilling to entertain new arguments about the propriety of allowing an amendment more than four months after leave was granted with Rexam's consent.

In addition to being untimely, Rexam's argument fails on the merits. Defendants' original counterclaim alleged that Rexam was unlawfully occupying Defendants' property and sought an order requiring Rexam to vacate the premises and "such other and further relief as appropriate." Defendants labeled Count I of their counterclaim "Forcible Entry and Detainer - 735 ILCS 5/9-102(a)(4)." Rexam argues that 735 ILCS 5/9-202 creates a free-standing "claim" that Defendants were required to plead separately. The Court disagrees. As Rexam itself has argued repeatedly in this case, the double rent provision of 735 ILCS 5/9-202 is a punitive statute that increases the amount of rent that can be recovered when a tenant willfully holds over. It does not

purport to create the right to recover rent, but rather dictates the circumstances under which a certain additional amount must be paid, much like a statute providing for punitive damages. Punitive damages are a prayer for relief on an underlying cause of action, not an independent "claim." *See Kunz v. Dow Corning*, No. 92 C 8018, 1992 WL 390722, at *1 n.1 (stating that "there is simply no way in which [punitive damages] qualifies as a 'claim,' as contrasted with a prayer for relief on some 'claim' in the proper sense."). Because the statute deals with the relief that can be obtained, Defendants' right to recover under the statute is not waived merely because Defendants did not request this relief at the outset of the case. *See Mehringer v. Village of Bloomingdale*, No. 00 C 7095, 2003 WL 21506856, at *9 (N.D. Ill. June 27, 2003) (holding that "the failure to request specific relief will not bar that relief if it is supported by allegations in the body of the complaint.").

Rexam's protests that there is an element of unfair surprise in allowing Defendants to amend their pleadings to include a request for double rent ring hollow because the issues of willfulness and double rent were fully and vigorously litigated in connection with Defendants' motion for summary judgment. By litigating these matters, Rexam agreed to have this Court decide the issue, regardless of whether it was included in the pleadings. *See* Fed. R. Civ. P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."). A contrary rule would create an incentive for a party who notices a defect in the pleadings to hold this information in reserve, raising it only in the event of an unfavorable result on the merits. Neither the law nor concerns of fairness support Rexam's position. Therefore, Rexam's objections to Defendants' amended counterclaims are overruled.

### B. Rexam's Motion to Modify Summary Judgment

Rexam asks the Court to amend its order granting Defendants' motion for summary judgment to eliminate any reference to 735 ILCS 5/9-202. In effect, Rexam asks the court to reconsider its holding that Defendants are entitled to recover double rent for Rexam's willful holdover tenancy. Rexam recognizes that the Court has already ruled on this issue. Rexam also acknowledges that motions for reconsideration are not a vehicle for introducing evidence that was available when the issue was originally litigated or for trying out new legal theories. *See Publishers Res. Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (1985). Nonetheless, Rexam urges the Court to revisit its earlier ruling because "the law of the case need not be followed when the evidence subsequent to that ruling is substantially different or the decision was clearly erroneous or would work a manifest injustice." (Pl.'s Br. at 17-18.)

In this case, there is no new evidence or manifest injustice that would cause the Court to modify its ruling on Defendants' motion for summary judgment. Rexam has not identified any newly-discovered facts that could alter the Court's July 24 ruling that Rexam was, at that time, a willful holdover tenant. Rexam's complaint seems to be that Defendants have acted inconsistently by maintaining an action for double damages based on a willful holdover while at the same time demanding that Rexam complete certain repairs and fulfill other conditions before surrendering the premises. This new evidence may be relevant in determining whether Rexam's holdover tenancy ceased at some point to be "willful," but cannot possibly alter the Court's conclusion that Rexam's initial decision to overstay the term of the lease was willful. Rexam also appears to be concerned that Defendants' allegedly inconsistent legal positions may create a manifest injustice because Rexam could be subjected to liability both under the lease and as a

tenant at sufferance. This issue can be addressed when damages are litigated; at present there is no injustice.

Moving on to its legal arguments, Rexam maintains that double rent is inappropriate because it held over beyond the term of the lease due to a bona fide dispute regarding the right to occupy the premises. This argument was discussed and rejected in the Court's order granting summary judgment. *See Rexam*, 2007 WL 2156674, at *8-9. Rexam's final argument is that, because they demanded that Rexam complete certain work before turning over the property, Defendants failed to make an "unconditional demand" for possession, which Rexam claims is an essential element of a claim for double rent. This is a new legal argument that could and should have been raised when the motion for summary judgment was originally litigated. It also fails on the merits. Rexam is correct that the willful holdover statute "is highly penal and recovery is granted only where the landlord strictly complies with its terms." *Stride v. 120 W. Madison Bldg. Corp.*, 132 Ill. App. 3d 601, 605, 477 N.E.2d 1318, 1321 (1985). However, the statute by its terms requires only a "demand made in writing." 735 ILCS 5/9-202. Rexam does not provide any legal authority to support the argument that the demand must be unconditional, as the case it cites for that proposition, *J.M. Beals Enterprises, Inc. v. Indus. Hard Chrome, Ltd.*, 271 Ill. App. 3d 257, 648 N.E.2d 249 (1995), does not address the issue. Because there are no relevant facts that have emerged since the entry of the Court's July 24, 2007, order and Rexam has demonstrated no manifest injustice, Rexam's motion to amend the summary judgment order is denied.

### C. Defendants' Motion to Strike Rexam's Affirmative Defenses to the Amended Counterclaims

Defendants move the Court pursuant to Federal Rules of Civil Procedure 12(f) and 8(b) to strike several of Rexam's affirmative defenses and answers to Defendants' counterclaims. A motion to strike an affirmative defense pursuant to Rule 12(f) is treated under the same legal standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Safe Bed Technologies Co. v. KCI USA, Inc.*, No. 02 C 0097, 2003 WL 21183948, *2 (N.D. Ill. May 20, 2003). Therefore, an affirmative defense will be stricken if it is legally insufficient because the party raising the defense "could not possibly prove a set of facts under the affirmative defense that would defeat the complaint." *Id.*[1] The Court addresses Rexam's challenged affirmative defenses in turn.

#### 1. Waiver

Rexam alleges that Defendants have waived their right to seek damages for structural damage to the property because they failed to object to any changes or assert any claims for damage during the course of the lease. Rexam also alleges that Defendants waived their right to assert a claim for double rent under the Illinois willful holdover statute by demanding that Rexam perform repairs and make modifications to the property. As discussed above, this Court

---

[1] In light of the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007), it is possible that the appropriate standard may be somewhat more stringent, requiring that there be a "plausible" set of facts (rather than a merely "conceivable" set of facts) that could support Rexam's defense. *See Twombly*, ___ U.S. at ___, 127 S.Ct. at 1974 (requiring "enough facts to state a claim . . . that is plausible on its face" in order to survive a 12(b)(6) motion to dismiss). In this case, however, the result would be the same under either standard.

has already adjudicated the double damages issue and found that Defendants are entitled to double rent for the period of Rexam's willful holdover tenancy. In doing so, the Court specifically rejected the waiver argument Rexam is now making. *See Rexam*, 2007 WL 2156674, at *4-8 ("Section C: Waiver"). With respect to Defendants' claim for repairs and structural changes, Article 10(f) of the lease agreement between Rexam and Defendants specifically provides that "any forbearance . . . to enforce a right or remedy" will not operate as a waiver. Although the lease ceased to be in effect when Defendants elected to treat Rexam as a tenant at sufferance, the rights that accrued to Defendants during the lease survived. Because the lease specifically provides that these rights cannot be waived by "forbearance," Rexam's defense of waiver is legally insufficient. Therefore, Rexam's affirmative defense of waiver is stricken.

### 2. Statute of Limitations

Rexam alleges that the acts and events giving rise to Defendants' counterclaims for structural damage and alterations to the property took place more than ten years prior to the filing of Defendants' counterclaims. Therefore, Rexam argues, these claims are barred by the applicable statute of limitations. The statute of limitations in Illinois for claims arising out of written contracts, including leases, is ten years. 735 ILCS 5/13-206. A cause of action accrues "when facts exist which authorize one party to maintain an action against another." *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 220 Ill. App. 3d 796, 801, 581 N.E.2d 191, 194 (1991). However, Illinois law recognizes that "each breach of a continuous duty has its own accrual date," meaning that "a plaintiff may sue on any breach which occurred within the limitation's

[sic] period...." *Lee v. Allstate Life Ins. Co.*, 361 Ill. App. 3d 970, 978, 838 N.E.2d 15, 23 (2005) (internal quotes omitted). The Illinois Appellate Court in *Lee* dealt specifically with an insurer's ongoing duty to abide by the terms of its contracts with its customers and found that the plaintiffs' claims were not barred by 735 ILCS 5/13-206's 10-year limitations period even though the initial breach of contract was outside the limitations period. *Id.*

This case presents a similar scenario: Defendants are claiming a breach of Article 5(c) of the lease, which obligated Rexam to keep the premises in "good condition, order and repair." (*See* Pl.'s Ans. to Defs.' Amended Counterclaims, ¶ 111.) The time frame of this obligation is "during the term [of the lease]." (*Id.*) Therefore, Rexam's obligation was a continuing one that, even if first breached more than ten years prior to the filing of Defendants' counterclaim, created a cause of action each day that the obligation was not met, i.e., each day of the lease until it expired. Therefore, the final accrual of Defendants' claim for breach of the lease was the final day of the lease, March 31, 2006, which is within the ten-year limitations period. For this reason, Rexam's statute of limitations defense must fail as a matter of law and will be stricken.

3. Laches

Rexam asserts that Defendants' claim for breach of the lease, which is based on damage and structural changes to the property, is barred by the equitable doctrine of laches because Defendants failed to seasonably assert their claim. Rexam also asserts a defense of laches to Defendants' claim for double rent under the Illinois willful holdover statute. Defendants argue that this defense must be stricken with respect to the breach of lease claim because that claim did not accrue until the lease expired. As discussed above, the Court agrees with Defendants'

statement that Rexam's obligations under the lease created a continuing duty that continually gave rise to new causes of action during the term of the lease. Absent special circumstances, "equity follows the law," meaning that "when a claim or right is not barred by a limitations period, *laches* will not apply." *In re Marriage of Smith*, 347 Ill. App. 3d 395, 401, 806 N.E.2d 727, 732 (2004) (italics in original). Defendants' original counterclaims were filed on April 28, 2006, less than one month after the lease terminated and the final cause of action arising out of Rexam's duty to maintain the premises accrued. The Court finds as a matter of law that a delay of less than one month in bringing a claim, where the statute of limitations period has almost nine years left to run, does not constitute an "unreasonable delay" that would sustain a defense of laches. Consequently, Rexam's affirmative defense of laches fails as a matter of law and will be stricken.

With respect to Defendants' claim for double rent, this Court has already determined that Defendants are entitled to double rent for Rexam's holdover tenancy. Furthermore, this Court has already declined in this order to revisit that ruling based on Rexam's new legal theories. Therefore, Rexam's new defense of laches must be stricken with respect to Defendants' claim for double rent.

    4.    Estoppel

Rexam asserts that Defendants are estopped from seeking double rent for the period of Rexam's holdover tenancy pursuant to 735 ILCS 5/9-202 or claiming entitlement to any rent above the fair market price. Rexam's estoppel argument is based on Defendants' demands that Rexam undertake repairs on the property and perform other contractual obligations before

- 11 -

turning over the property. This Court has already determined in granting Defendants' motion for summary judgment that Defendants are entitled to double rent for Rexam's holdover tenancy. As it did with respect to Rexam's defense of laches, the Court strikes Rexam's new defense of estoppel. This defense is based on facts that were already litigated in connection with Defendants' motion for summary judgment and should have been raised at that time. Therefore, Defendants' motion to strike Rexam's affirmative defense of estoppel is granted.

### 5. Mootness

Rexam argues that Counts I and II of Defendants' amended counterclaims, for "Forcible Entry and Detainer" and "Wrongful Possession," should be dismissed as moot because these counts seek possession of the premises, which Rexam has already surrendered. Defendants claim that this defense should be stricken, as the issues of double rent and repairs to the structure remain. A claim is moot "when the dispute between the parties no longer rages." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). This Court has determined in a separate opinion that possession of the premises transferred on August 31, 2007. Therefore, to the extent that Counts I and II of Defendants' amended counterclaims seek injunctive relief, these claims are moot, although the amount of damages remains to be determined. For this reason, Defendants' motion to strike Rexam's affirmative defense of mootness must be denied.[2]

---

[2] The Court notes that, because Article III of the United States Constitution provides for federal court jurisdiction over "cases and controversies" only, mootness is not a waiveable affirmative defense, but rather a lack of subject matter jurisdiction over a claim. *See Arizonans for Official for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).").

6. Election of Remedies

Rexam asserts that the doctrine of election of remedies bars Defendants from seeking double rent for Rexam's willful holdover tenancy under 735 ILCS 5/9-202 because Defendants' attempts to enforce certain obligations under the lease indicate that they have elected to hold Rexam to another term under the lease rather than treat Rexam as a holdover tenant. The Court has already determined in granting Defendants' motion for summary judgment that Rexam was a willful holdover tenant and that Defendants are entitled to double rent under 735 ILCS 5/9-202. The facts that Rexam relies on were litigated in connection with that motion for summary judgment, and Rexam's new legal theory should have been raised at that time. Therefore, Rexam's election of remedies defense is stricken.

7. Motion to Strike Rexam's Answers to Paragraphs 101, 109, 110, 111, 112, 113, 114, 115, and 117

Defendants move the Court, pursuant to Federal Rule of Civil Procedure 8(b), to strike Rexam's answers to several paragraphs of Defendants' amended counterclaims. Defendants present two theories. First, Defendants argue that Rexam's answers to Defendants' amended counterclaims are inconsistent with answers given in response to Defendants' original counterclaims. The Court will not discuss the alleged inconsistencies in detail because it finds that Rexam was entitled to amend its answers in response to amendments in Defendants' counterclaims. Defendants next argue that Rexam's answers are improper under Rule 8(b) to the extent that they claim that the lease agreement "speaks for itself." To quote Judge Shadur: "This Court has been attempting to listen to such written materials for years . . . but until some such

writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that *are* permitted by Rule 8(b)." *State Farm Mut. Auto Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) (emphasis in original). Because a response stating that a document "speaks for itself" is impermissible under Rule 8(b), all such responses in Rexam's answer will be stricken.

### III. Conclusion

For the reasons discussed above, Rexam's objections to Defendants' amended counterclaims are overruled, Rexam's motion to modify the Court's summary judgment order is denied, and Defendants' motion to strike Rexam's affirmative defenses and answers to Defendants' amended counterclaims is granted in part and denied in part.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: January 22, 2008.