IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **REXAM BEVERAGE CAN COMPANY,** a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 06 C 2234 |
| v. | ) ) ) | Magistrate Judge Martin C. Ashman |
| **DAVID F. BOLGER as TRUSTEE of THE DAVID F. BOLGER REVOCABLE TRUST**, a Florida resident, and **CITY OF FAYETTE, IOWA**, an Iowa municipal corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is a motion by Defendants, David F. Bolger, *et al.* ("Defendants"), asking this Court to compel the production of documents that Plaintiff, Rexam Beverage Can Company ("Plaintiff"), claims are protected from compelled disclosure by the attorney-client privilege and the work-product doctrine. The bulk of Defendants' motion was ruled on at oral argument on February 13, 2008. The Court instructed Plaintiff to deliver the remaining disputed documents to chambers for an *in camera* inspection. Having inspected the documents provided by Plaintiff, the Court finds that they are not protected by either the attorney-client privilege or the work-product doctrine. Therefore, Defendants' motion to compel is granted.

## I. Background

The facts of this case are complicated, but no great detail is required to resolve the issues raised by the current motion. Therefore, the Court will forego a thorough history and provide only those facts that are necessary to put the disputed documents in context. This litigation arises out of a long-term commercial lease between the parties for a manufacturing facility in Loves Park, Illinois. The parties (or their predecessors in interest) entered into the lease agreement in March 1966, and Plaintiff's occupancy of the premises continued until August 2007. Plaintiff initially brought this lawsuit as a declaratory judgment action after Defendants refused to accept Plaintiff's untimely notice of renewal. Defendants subsequently brought counterclaims based on Plaintiff's continued occupancy of the premises after the lease expired and Plaintiff's alleged failure to maintain or repair the facility as required by the lease. As a result of the claims and counterclaims in this case, issues regarding the maintenance and upkeep of the Loves Park facility over the course of Plaintiff's forty-year tenancy have become relevant. Defendants have requested documents relevant to these issues. Plaintiff has declined to produce certain documents, citing the attorney-client and work-product privileges, leading to the current motion to compel.

## II. Analysis

The Seventh Circuit has defined the attorney-client privilege as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection may be waived.

*U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (citation omitted). The privilege extends to communications that "tend directly or indirectly to reveal the substance of a client confidence." *U.S. v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990.) Federal courts also recognize a related "work-product" doctrine, which "shields materials that are prepared in anticipation of litigation from the opposing party, on the theory that the opponent shouldn't be allowed to take a free ride on the other party's research, or get the inside dope on that party's strategy." *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 767-68 (7th Cir. 2006). As the party asserting these privileges, the burden is on Plaintiff to demonstrate that their essential elements are met. *U.S. v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003).

### A. "REXAM v. BOLGER/BRIAN CLANCY PRIVILEGE LOG/REDACTED DOCUMENTS"

The Court first addresses the twelve documents listed on the "Brian Clancy Privilege Log/Redacted Documents." As the title of the log indicates, these are documents that have been produced to Defendants in redacted form. Plaintiff claims that the redacted portion of each document is protected from disclosure by the attorney-client privilege. The Court disagrees.

Brian Clancy is a real estate consultant who has acted as Plaintiff's agent; he is not an attorney. On many of the documents, the redacted material includes a rubber stamp mark that says "FAXED" and a stamp that says "From the Desk of Brian Clancy." On their own, these markings convey little, and certainly do not rise to the level of a communication to an attorney for the purpose of obtaining legal advice. The rest of the redacted materials are handwritten notations by Clancy indicating that the documents were faxed or otherwise sent to Plaintiff's

attorneys, for example: "Fax to James McLaughlin, Esq/Frank Brown, Esq./FYI Brian." (Doc. 6.) While the substance of a client's communications with an attorney is privileged, the Court finds that the mere fact that certain documents were forwarded to Plaintiff's attorneys does not reveal any substantive aspect of the legal consultation. Neither does the most "substantive" of Clancy's notations, which reads: "I am not sure you received this letter with Bolger's scribble. Surprising it came from his attorneys [sic] office." (Doc. 10.) Therefore, none of the redacted material in these twelve documents is covered by the attorney-client privilege, and Defendants' motion to compel is granted as to each document.

### B. "REXAM v. BOLGER/BRIAN CLANCY/REXAM PRIVILEGE LOG"

Next, the Court addresses the documents listed on the "Brian Clancy/Rexam Privilege Log." The first document that Plaintiff has withheld (Document 1) is a fax cover sheet from Brian Clancy to Plaintiff's attorneys. Plaintiff claims that this document is covered by the work-product and attorney-client privileges. This argument fails because the document conveys no substantive information. As discussed above, the mere fact that a document was sent to counsel does not confer a privilege on it. Clancy's notations say "Letter Bolgers hand written notes" and "Let me know if this comes through/Do you need it scanned?" Neither of these writings reveals the substance of a privileged communication. The fax cover sheet may nominally have been "prepared in anticipation of litigation," but applying the work-product doctrine would be an unwarranted stretch, since the cover sheet conveys no strategy and gives no advantage to Defendants. The same rationale applies to Document 2, which appears to be the cover page of a letter from Raynor Door Authority of Rockford, Inc. to Clancy. The

"handwritten notes" on which Plaintiff bases its privilege argument are a notation indicating that Clancy forwarded the letter to Plaintiff's attorneys. This notation conveys no substantive information about a legal consultation and has no strategic or other value. Neither Document 1 nor Document 2 are privileged.

The third disputed document from this privilege log is an e-mail from Clancy to Frank Brown and Ron Glasshoff, which states: "Attached please find the estimated renovaation [sic] costs for the Love Park [sic] facility. This is a difficult job to estimate due to the hinden [sic] items that may be unearthed while under construction." (Doc. 7.) Frank Brown is Plaintiff's general counsel, which gives some plausibility to Plaintiff's claim of privilege. However, this Court "will not tolerate the use of in-house counsel to give a veneer of privilege to otherwise non-privileged business communications." *B.F.G. of Illinois, Inc. v. Ameritech Corp.*, No. 99 C 4604, 2001 WL 1414468, *6 (N.D. Ill. November 13, 2001). This is especially true in this case, where Frank Brown doubles as Plaintiff's president. Ron Glasshoff, the other recipient, is Plaintiff's vice president of finance. The e-mail does not contain any request for legal advice, and does not reveal the substance of any legal consultation. The mere fact that it was sent to in-house counsel, who also acts as president, does not cloak it with a privilege. Nor has Plaintiff met its burden of showing that the document was prepared in anticipation of litigation. Whether it planned to remain as a tenant or return the premises to Defendants, Plaintiff would need to know the costs associated with repairing and maintaining the facility. In the absence of any evidence to the contrary, the Court finds that this is a document created in the ordinary course of business.

None of the three disputed documents listed on the "Brian Clancy/Rexam Privilege Log" is protected by the attorney-client or work-product privilege. Therefore, Defendants' motion to compel is granted as to all three documents.

C.   "REXAM AMENDED PRIVILEGE LOG"

Finally, the Court addresses the three disputed documents listed on the "REXAM AMENDED PRIVILEGE LOG." The first, Document 18, is an e-mail from Clancy to Robert Walsh, Plaintiff's plant manager, with a copy to Peter Messman, Controller of Elk Grove Village. It states: "Please see the attached regarding all the records for the Loves Park facility. Can you help. [sic] Call me." (Doc. 18). None of the parties to the e-mail is an attorney, there is no request for legal advice, and the Court cannot glean any substantive legal communication from the text. The mere fact that the subject line of the email contains the word "discovery" does not convert this communication into a privileged document. It conveys nothing and is probably useless, but it is not protected from disclosure.

The next document, Document 31, is a December 12, 1972, memorandum from one of Plaintiff's executives to another, with copies to several other unidentified individuals. Plaintiff claims that the attorney-client privilege applies because the memorandum refers to "Mr. Francois' latest memo . . . indicating that National Can Company has no legal recourse against the original roofing contractor." (Doc. 31.) The Court has no way of knowing whether the communication is privileged, because Plaintiff has not provided any information about "Mr. Francois." If Mr. Francois was an attorney, then the memorandum might be privileged because it tends to convey the substance of his consultation with National Can. If he was merely a layperson

opining on a legal issue, the communication would not be privileged. Because the burden is on Plaintiff to establish all of the elements of the attorney-client privilege and Plaintiff has failed to provide any information on the source of the legal advice referred to in the memorandum, the Court finds that the memorandum is not covered by the attorney-client privilege. Nor can it be work-product, as it was prepared in 1972, 34 years before this case was filed. Therefore, it is not protected from discovery.

The final disputed document, Document 32, is a chart describing "building decommissioning activities" for the Loves Park, Illinois, facility. The chart identifies a number of areas and describes what repair or maintenance work needs to be done in each area. The chart was prepared by an outside contractor, Envision Environmental, and sent to Frank Brown. As discussed above, Brown is Plaintiff's general counsel as well as its president. There is nothing overtly legal about the work described in the chart, merely a description of various maintenance and environmental clean-up tasks to be performed. As discussed above, the Court will not find a document to be privileged merely because it was sent to Plaintiff's in-house counsel, especially in this case, where Brown is both an attorney and a non-legal officer of the corporation. The document is not work-product because there is no indication that the chart was prepared in anticipation of litigation. Many of the items listed, like repairing a leaky roof and damaged tiles, would need to be done in the ordinary course of business. Plaintiff has not shown otherwise, and it is Plaintiff's burden to do so. Therefore, the Court finds that Document 32 is not protected from disclosure.

None of the three disputed documents listed on the "REXAM AMENDED PRIVILEGE LOG" is protected from discovery under the work-product or attorney-client privilege. Therefore, Defendants' motion to compel is granted as to all three documents.

## III. Conclusion

After *in camera* inspection, the Court concludes that none of the documents at issue in this motion are privileged. Therefore, Defendants' motion to compel is granted. Plaintiff shall produce the documents within seven (7) days.

**ENTER ORDER:**

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: March 18, 2008.